Case: 3:06-cv-00394-bbc Document #: 50 Filed: 02/26/07 Page 1 of 8

Document Number Case Number
06-C-0394-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/26/2007 07:01:50 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SUSAN L. SNYDER, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| REVLON INC., REVLON CONSUMER PRODUCTS | § | Case No. |
| CORPORATION, HOT HEAD UNIVERSAL, LTD., | § | 06-C-0394-C |
| HOT HEAD/UNIVERSAL, LTD. HOT HEAD NORTH | § | |
| AMERICA INC., SPILO WORLDWIDE, INC., | § | |
| MARKETX INC., KOMB LTD., KOMB LIMITED, | § | |
| UNIVERSAL PRODUCTS (LYTHAM) | § | |
| MANUFACTURING LTD. AND ASSOCIATION OF | § | |
| UK SALON OWNERS LIMITED, | § | |
|       Defendants. | § | JURY TRIAL REQUESTED |

**REPLY BRIEF IN SUPPORT OF MARKETX, INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Defendant MarketX, Inc. ("MarketX" and/or "Defendant") files this Reply Brief in Support of Defendant MarketX's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2).

### Introduction

MarketX is not subject to personal jurisdiction pursuant to Wisconsin statue § 801.05(4).

Furthermore, due process dictates that personal jurisdiction not be exercised over MarketX by this Court.

A true and correct copy of the Declaration of Gary Rosenthal in support of this reply brief and corresponding Motion to Dismiss is attached hereto and made a part hereof for all purposes as Declaration 1.

**Facts**

Plaintiff's Response misses the point: MarketX did not conduct sales or solicitation of the sales of the infringing products anywhere, and certainly not in Wisconsin. MarketX operated as, in essence, an advertising agency, providing marketing consulting services to its client, Universal Products (Lytham) Manufacturing Ltd. ("Universal"). Upon information and belief, it was Universal who entered into shipping and storage arrangements, Universal who bought and paid for advertising through various media, Universal who entered into specific agreements with sales brokers, and Universal who made all decisions related to the allegedly infringing product. Contrary to Plaintiff's assertions, all of the services provided by MarketX to Universal were provided by MarketX to Universal as part of its marketing consulting services.

At no point did MarketX make any decisions or have any decision-making authority related to Universal's presence in the United States. For example, Universal used MarketX's address for receipt of mail originating in the United States. Such address was in Illinois, not Wisconsin. MarketX would, without opening the mail, periodically forward such mail to Universal in the United Kingdom. Although MarketX received information related to shipments of product into the United States, MarketX's function was to simply forward such documentation to Universal. As part of MarketX's value added services, because Universal did not have employees in the United States, MarketX would occasionally forward information related to shipping issues and product return issues to Universal. However, at no time did MarketX make any decisions or have any authority to make decisions related to any of these issues. MarketX provided marketing services to Universal. MarketX did not sell any of the Hot Head products. MarketX received a flat monthly fee for its services. It received no compensation tied to sales of Hot Head products and only attended meetings with clients and/or potential clients of Universal at the request and in the presence of sales brokers for Universal.

MarketX designed and placed advertisements for the Hot Head products in nationally distributed magazines only at the direction of Universal. To MarketX's knowledge, Universal paid for all advertising placed by MarketX. MarketX also designed countertop displays. This is common as part of advertising campaigns related to products sold in retail stores.

Contrary to Plaintiff's assertions, MarketX did not "choose" or approve the advertising and marketing strategy, nor did it do any business with any of the retailers identified in this lawsuit to have allegedly sold Hot Head products. MarketX helped create an advertising and marketing strategy for Universal. Universal made the decision to proceed with implementation of such strategy. Universal chose to do business with various retailers through its independent agent sales brokers. None of the facts identified by Plaintiff in her response support a finding of personal jurisdiction over MarketX by this Court.

**Argument**

Wisconsin's long-arm statute does not automatically extend as far as the due process provisions of the U.S. Constitution would permit. *Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.,* 297 F. Supp. 2d 1154, 1157 (D. Wis. 2004). Wisconsin courts have analyzed the requirements of Wisconsin long-arm statute separately from the requirements of due process. *See, e.g., Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, P 8, 2001 WI 99, 245 Wis. 2d 396, 629 N.W.2d 662; *Bushelman v. Bushelman*, 2001 WI App 124, P 7, 2001 WI App 124, 246 Wis. 2d 317, 629 N.W.2d 795.

A federal court has personal jurisdiction over a non-consenting, nonresident defendant if a court of the state in which that federal court sits would have jurisdiction. *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986). Under Wisconsin law, the jurisdictional question has two components. First, the plaintiff must establish that the defendants come within the grasp

of the Wisconsin long-arm statute. *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996); *Lincoln v. Seawright*, 104 Wis. 2d 4, 6, 310 N.W.2d 596, 599 (1981); *Marsh v. Farm Bureau Mut. Ins. Co.*, 179 Wis. 2d 42, 51, 505 N.W.2d 162, 165 (Ct. App. 1993). If the plaintiff is successful, the burden switches to the defendants to show that jurisdiction would violate due process. *Logan Productions*, 103 F.3d at 52; *Lincoln*, 104 Wis. 2d at 6, 310 N.W.2d at 599.

### 1. Wisconsin statute § 801.05(4)

Plaintiff relies on Wisconsin statue § 801.05(4) for its argument that personal jurisdiction exists over MarketX in Wisconsin in this matter. In attempting to support its position under this statute, Plaintiff cites *Beverly Hills Fan Co. v. Royal Sovereign Corp.* However, federal circuit law only applies to the due process analysis, not the Wisconsin long-arm statute analysis. The only other cases cited by Plaintiff are *Rexnord, Inc. v. Laitram Corp.* and *Continental Ins. Co. v. Del Astra Industries, Inc.*, both of which are unpublished opinions dealing with whether an advertiser would be subject to personal jurisdiction on the basis of advertising activities. However, as previously stated, MarketX was not the advertiser, but merely acted as the advertising agency.

> Wisconsin statute § 801.05(4) provides that personal jurisdiction exists:
>
> > In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
> >
> > (a) solicitation or service activities where carried on within this state by or on behalf of the defendant; or
> >
> > (b) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in ordinary course of trade.

Wis. Stat. § 801.05(4).

The requirements of the test set forth by this statute are not met by Plaintiff. Plaintiff mistakenly relies on the advertising created by MarketX to claim that MarketX induced infringement through advertising. Plaintiff continually mistakes the roles of the various parties in this lawsuit. MarketX created the advertising and marketing strategy. However, it was Universal that decided to implement the strategy, bought and paid for the advertising, shipped Hot Head product to the United States, hired independent sales brokers, and sold product to retailers. MarketX was a vendor that provided advertising and marketing services to its client, Universal. It also forwarded mail to Universal and sent other information to Universal, as requested. All decisions and decision-making authority related to the importing and sale of Hot Head product in the U.S. was vested in Universal, not MarketX. If Plaintiff's rational in this regard is to be allowed, the warehouse in Chicago that took receipt of shipments would be subject to personal jurisdiction in Wisconsin, as well as any other vendor to Universal whose services arguably were utilized to help Universal sell product in the United States. This would include the shipping company that carried Hot Head product from the United Kingdom to the United States and the delivery service that handled transportation of Hot Head product from the coast to the Chicago warehouse.

Plaintiff makes a fantastic leap of logic, not only by assuming that the Wisconsin long-arm statute extends as far as due process, but by trying to present MarketX's activities as solicitation or service activities in the state of Wisconsin. MarketX conducted no solicitation activities within the state of Wisconsin, nor did MarketX provide any services within the state of Wisconsin.

### 2. Due Process

As is clear from the above facts, none of MarketX's activities were directed specifically at the residents of Wisconsin. Even if it was foreseeable that some of MarketX's marketing materials would find their way into Wisconsin, that is not enough to satisfy due process or establish personal jurisdiction over the in Wisconsin. *See, e.g., Coach USA, Inc. v. Van Hool N.V.*, 2007 U.S. Dist. LEXIS 2276 (D. Wis. 2007) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Indeed, MarketX never advertised the Hot Head product to anyone. MarketX created the advertising and acted as the advertising agency for Universal. Universal bought and paid for the advertising to which Plaintiff makes reference. To the extent Plaintiff argues that the packaging created by MarketX enticed consumers in Wisconsin to purchase the Hot Head product, all packaging is designed to entice consumers to purchase products. However, there is no authority cited holding that the creative individual or entity who designs packaging is liable in any way for the product itself. And, certainly MarketX's advertising materials were not designed to entice Wisconsin residents specifically.

Related to distribution, MarketX was not the distributor of Hot Head products. Forwarding distribution paperwork to Universal in the United Kingdom does not mean that MarketX made any decisions or had decision-making authority related to any distribution issues. Plaintiff has failed to cite any case law to support its position that forwarding paperwork related to the distribution of Hot Head products to the distributor makes MarketX a distributor.

Marketing, in general, will always facilitate sales, In that regard, the argument can be made that just about everything Universal or any of its vendors did was intended to increase sales. Plaintiff is attempting to boot-strap to make an argument that MarketX is responsible for

the conduct of Universal. If this were the law, no vendor would ever be able to provide services to a customer without fear of being sued for the customer's wrongdoing.

Plaintiff also mistakenly relies on hearsay contained in articles written by third-parties to support its position that MarketX allegedly sold product in the U.S. This is just as incorrect as utilizing quotations where MarketX's representatives made reference in public relation pieces in the plural rather than specifically distinguishing Universal as the manufacturer and seller of the Hot Head products and MarketX as simply the marketing consulting vendor that it was. Statements made to avoid unwieldy quotes are not competent proof that MarketX sold anything.

It would be both unreasonable and unfair for the Court to exercise jurisdiction over MarketX in this matter. The activity of MarketX related to the Hot Head product was done in the capacity as a vendor to Universal. MarketX conducted none of its Business activities in the state of Wisconsin, never had any contact with clients and/or potential clients of Universal in the state of Wisconsin, and was not a manufacturer or distributor of the Hot Head products.

## Conclusion

MarketX does not meet the requirements set forth in the Wisconsin long-arm statute and has no minimum contacts with the state of Wisconsin. Furthermore, the Court's assumption of jurisdiction over MarketX would offend traditional notions of fair play and substantial justice and would be inconsistent with due process of law. For these reasons, MarketX requests that the Court dismiss all of Plaintiff's claims against it.

Date: February 26, 2007                              Respectfully submitted,

                                            GODFREY & KAHN, S.C.


                                            By: */s/ James D. Peterson*
                                                James D. Peterson
                                                State Bar of Wisconsin No. 1022819
                                                One East Main Street, Suite 500
                                                P.O. Box 2719
                                                Madison, WI 53701-2719
                                                Tel: (608) 257-3911
                                                Fax: (608) 257-0609

                                                Scott A. Meyer
                                                State Bar of Texas No. 24013162
                                                Edwin Flores
                                                State Bar of Texas No. 00798179
                                                Chalker Flores, LLP
                                                2711 LBJ Frwy, Suite 1036
                                                Dallas, Texas 75234
                                                Tel: (214) 866-0001
                                                Fax: (214) 866-0010


                                        **ATTORNEYS FOR DEFENDANT**
                                        **MARKETX, INC.**

mn307391_1